IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

SHAWN D. MAHLER, )
  )
   Plaintiff, )
  )
v. ) Case No. CIV-25-481-D
  )
TEXAS COUNTY SHERIFF'S OFFICE, )
et al., )
  )
   Defendants. )

## ORDER

Plaintiff, appearing pro se, brought this civil rights action under 42 U.S.C. § 1983, alleging violations of his constitutional rights. Plaintiff named as defendants the Texas County Sheriff's Office, Matt Boley (the Texas County Sheriff at the time of the alleged conduct), and Chris Bird (a District Attorney Task Officer for District 1). The matter was referred to United States Magistrate Judge Suzanne Mitchell for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C).

On September 18, 2025, the magistrate judge issued a Report and Recommendation [Doc. No. 18], in which she recommends that the Court (1) dismiss Defendant Texas County Sheriff's Office on the basis that it is not a suable entity under Section 1983; (2) dismiss Plaintiff's official-capacity claims against Defendants Boley and Bird; (3) dismiss Plaintiff's Section 1983 claims as time-barred; and (4) decline to exercise supplemental jurisdiction over Plaintiff's state-law claims.

In her report, the magistrate judge notified Plaintiff of his right to file an objection to the report on or before October 9, 2025, and that the failure to object waives Plaintiff's

right to appellate review of both factual and legal issues contained in the report. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

Upon review of the file and noting no timely objection to the findings and recommendations of the magistrate judge, the Court **ADOPTS** the Report and Recommendation [Doc. No. 18] in its entirety.

For the reasons stated therein, this action is **DISMISSED** without prejudice.[1] A separate judgment shall be entered.

**IT IS SO ORDERED** this 21st day of October, 2025.

TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[1] The Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims. *See Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state law claims.").