**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| SHAWN D. MAHLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-481-D |
| | ) | |
| TEXAS COUNTY SHERIFF'S OFFICE, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>ORDER</u>**

Before the Court is Plaintiff's Motion to Reconsider [Plaintiff's] § 1983 Claim [Doc. No. 26]. Plaintiff, appearing pro se, brought this civil rights action under 42 U.S.C. § 1983, alleging violations of his constitutional rights. Plaintiff named as defendants the Texas County Sheriff's Office, Matt Boley (the Texas County Sheriff at the time of the alleged conduct), and Chris Bird (a District Attorney Task Officer for District 1). The matter was referred to United States Magistrate Judge Suzanne Mitchell for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C).

On September 18, 2025, the magistrate judge issued a Report and Recommendation [Doc. No. 18], in which she recommended that the Court (1) dismiss Defendant Texas County Sheriff's Office on the basis that it is not a suable entity under Section 1983; (2) dismiss Plaintiff's official-capacity claims against Defendants Boley and Bird; (3) dismiss Plaintiff's Section 1983 claims as time-barred; and (4) decline to exercise supplemental jurisdiction over Plaintiff's state-law claims.

1

In her report, the magistrate judge notified Plaintiff of his right to file an objection to the report on or before October 9, 2025, and that the failure to object waives Plaintiff's right to appellate review of both factual and legal issues contained in the report. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). Given Plaintiff's failure to timely object to the magistrate judge's report, the Court adopted the Report and Recommendation in its entirety and dismissed this action without prejudice. [Doc. Nos. 23, 24].

For part of his § 1983 claim, Plaintiff contended that Defendants unlawfully seized and retained $12,966 in violation of his Fourth, Fifth, and Fourteenth Amendment rights, causing him financial and reputational harm. As noted by the magistrate judge, Plaintiff also "maintain[ed] the District Attorney's office falsely represented that he forfeited his rights to these funds in a guilty plea agreement he entered in 2012 to a drug charge in the Texas County District Court." [Doc. No. 18, at 3]. In addition to the magistrate judge's recommendations that Plaintiff's claims be dismissed, the magistrate judge further recommended that Plaintiff should not be permitted to amend his complaint because his claims involving the $12,966 would be untimely. *Id.* at 6-7. Specifically, the magistrate judge found that Plaintiff's claims "appear to have accrued in 2012 when the state district court sentenced him after he entered a guilty plea to the drug charge," so the "two-year statute of limitations related to the forfeiture of cash that the Texas County authorities seized expired in 2014." *Id.* at 7.

Now, Plaintiff asks that the Court reconsider his § 1983 claim, focusing on Plaintiff's lack of knowledge with respect to the funds allegedly forfeited in connection with his 2012 guilty plea. Plaintiff asserts that he was "not aware of the monies not being

2

returned to his mother" and was not aware that the funds were allegedly forfeited as part of his plea agreement [Doc. No. 26, at 1].

"The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.'" *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). However, "a district court always has the inherent power to reconsider its interlocutory rulings." *Warren v. Am. Bankers Ins. of Fla.*, 507 F.3d 1239, 1243 (10th Cir. 2007). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted).

The Court has reviewed Plaintiff's motion to reconsider, and it provides no sufficient basis for the Court to reconsider its decision that allowing Plaintiff to amend his complaint would be futile. Notably, Plaintiff did not attempt to explain why he failed to object to the magistrate judge's report, which was adopted without objection. *See Moore*, 950 F.2d at 659 (failure to object waives appellate review of both factual and legal issues contained in the report). Further, the Court agrees with the magistrate judge that Plaintiff's claims involving the funds allegedly forfeited by Plaintiff in connection with his 2012 guilty plea began to accrue in 2012—when the state district court sentenced Plaintiff. In his motion to reconsider, Plaintiff does not sufficiently explain how he could not have discovered with reasonable diligence that the funds had been forfeited with his guilty plea, especially considering the 13 years between Plaintiff's sentencing and the filing of his

3

complaint. For these reasons, Plaintiff's Motion to Reconsider [Plaintiff's] § 1983 Claim [Doc. No. 26] is **DENIED**.

    **IT IS SO ORDERED** this 23rd day of March, 2026.

TIMOTHY D. DeGIUSTI
Chief United States District Judge